UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARCUS T. KIMBROUGH                         CIVIL ACTION NO. 17-cv-5722

VERSUS                                      JUDGE_____

TEXTRON MARINE & LAND                       MAGISTRATE_____
SYSTEMS, A SUBSIDIARY OR
DIVISION OF TEXTRON, INC.

ORIGINAL CIVIL COMPLAINT PURSUANT TO
TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED

COMES NOW THE PLAINTIFF, MARCUS T. KIMBROUGH, a person of the full age of majority, averring that:

1. JURISDICTION:

Jurisdiction is conferred on this Court pursuant to 42 U.S.C. Sec. 2000e5.

2. PLAINTIFF:

The plaintiff is MARCUS T. KIMBROUGH, residing at 5607 Martin Luther King Street, Moss Point, Mississippi 39563.

3. DEFENDANT:

The defendant is Textron, Inc., as owner of its subsidiary or division, Textron Marine & Land Systems, the employer of the plaintiff. The principal place of business for Textron, Inc. in Louisiana is at 1010 Gause Boulevard, Slidell, Louisiana 70458 and the registered agent for service of process is CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

4. LAWS INVOKED:

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as

1

amended, codified at 42 U.S.C. Sec. 2000e, *et seq.*, and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin.

5. VENUE:

Venue is invoked pursuant to 28 U.S.C. Sec. 1391/

6. LEGALLY PROHIBITED CONDUCT:

Defendant's conduct is discriminatory with respect to the race or color of the plaintiff.

7. The conduct complained of in this action involves unequal terms and conditions of employment, retaliation, intentional non-promotion and intentional preclusion for increases in pay and other acts prohibited by law, as will be shown at the time of trial.

8. ESSENTIAL FACTS:

The plaintiff employee was hired by defendant employer in Slidell, Louisiana as a senior welder on October 17, 2016. On October 28, 2016, the plaintiff overheard a Textron supervisor, "Mr. Jimmy," making some racially-disparaging comments about African-Americans. The plaintiff reported these comments to Sam Galloway, who is one of the supervisory personnel in the employ of Textron.

Since reporting the comments of "Mr. Jimm," the plaintiff has been subjected to retaliation, including, but not limited to being struck by a crowbar, having Caucasian employees make threats toward him and other African-American employees, being following into the restroom, and being assigned tasks outside of his job duties.

The plaintiff reported the above and foregoing to Mr. Galloway, but no corrective measures were taken by Textron.

The plaintiff has been discriminated against because of his race, and has been

retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

9. CAUSES OF ACTION:

### FIRST CAUSE OF ACTION:

The defendant unlawfully discriminated against plaintiff in discriminating against plaintiff with respect to his compensation, terms, conditions or privileges of employment, because of plaintiff's race or color (see Sec. 2000e-2).

### SECOND CAUSE OF ACTION:

The defendant unlawfully discriminated against plaintiff by limiting, segregating, or classifying the plaintiff employee in depriving or tending to deprive plaintiff employee of employment opportunities or otherwise adversely affecting plaintiff's status as an employee because of plaintiff's race or color (please see Sec. 2000e-2).

### THIRD CAUSE OF ACTION:

The defendant unlawfully discriminated against plaintiff through impermissible considerations of race or color in employment practices.

### FOURTH CAUSE OF ACTION:

The defendant unlawfully discriminated against plaintiff by utilizing race and color as motivating factors for defendant's employment practices.

### FIFTH CAUSE OF ACTION:

The case is, by law, to be assigned for hearing at the earliest practicable date and in every way is to be expedited.

### SIXTH CAUSE OF ACTION:

Alternatively, any and all other causes of action available to your plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.

Sec. 2000e, *et seq.*, and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin, are pleaded and alleged in the alternative, for the reasons to be shown at the time of trial.

SEVENTH CAUSE OF ACTION:

The employer defendant created and subjected your plaintiff employee to a "racially hostile work environment" within the meaning of the laws at issue; and also resulting in the constructive termination of plaintiff's employment with Textron.

EIGTH CAUSE OF ACTION:

The employer defendant subjected the plaintiff employee to historically-offensive racial slurs.

NINTH CAUSE OF ACTION:

The defendant employer treated plaintiff employee less favorably than employees of other races.

TENTH CAUSE OF ACTION:

The defendant employer violated the anti-retaliation provisions of Title VII by taking adverse actions against plaintiff employee on account of the plaintiff employee complaining of racially discriminatory behaviors of the supervisors in the employ of defendant employer .

ELEVENTH CAUSE OF ACTION:

The defendant employer condoned racially-motivated discrimination, harassment, intimidation and retaliation of and by its supervisors.

TWELTH CAUSE OF ACTION:

Your plaintiff adopts by reference and pleads, as if copied herein *in extenso*, the

provisions of the laws of the State of Louisiana that are implicated by the facts, circumstances and allegations stated and pled herein.

## THIRTEENTH CAUSE OF ACTION:

The defendant employer is liable for damages on account of the above-described intentional and tortious conduct, for intentional infliction of emotional distress, whether under the laws of the State of Louisiana or otherwise.

## FOURTEENTH CAUSE OF ACTION:

On account of the emotional harm inflicted by the defendant employer, the plaintiff employee has sought and obtained medical and psychiatric treatment and has incurred the expense thereof.

10. The plaintiff filed charges with the Equal Employment Opportunity Commission (EEOC) in New Orleans, Louisiana regarding discriminatory acts, that filing having been on or about November 1, 2016.

11. The EEOC issued a Notice of Rights to Sue letter (copy attached, herewith), which was received by the plaintiff on or about April 3, 2017.

12. The plaintiff is an "employee" within the meaning of 42 U.S.C. Sec. 2000e(f).

13. The defendant is an "employer" within the meaning of 42 U.S.C. Sec. 2000e(b), (c) or (d).

14. The defendant is engaged in "commerce" within the meaning of 42 U.S. C. Sec. 2000e(g).

15. PRAYER FOR RELIEF:

WHEREFORE, your plaintiff, MARCUS T. KIMBROUGH, requests that this

Court grant the following relief:

1. All injunctive and declaratory relief as may be and which is appropriate in view of the above and foregoing;

2. Mandatory training of company supervisors and employees on race discrimination and retaliation under Title VII;

3. Having the president or chief executive officer (CEO) of defendant appear at the training to address the employees of the company;

4. Injunctive relief that defendant be enjoined from discharging or retaliating against employees in retaliation to complaints about racially offensive or discriminatory behaviors in the workplace;

5. Award of such monetary damages as are appropriate in the premises and under the circumstances, in amounts to be shown at the time of trial;

6. Such compensatory monetary damages as are proven at the time of trial;

7. Such punative monetary damages as are proven at the time of trial;

8. Award of monetary expenses in connection with medical and psychiatric treatment and the expenses thereof;

9. Defendant employer must submit periodic reports to the EEOC, documenting its compliance or non-compliance with the orders of the Court;

10. If applicable, "front pay" and/or "back pay;

11. Lost income damages, in amounts to be shown at the time of trial;

12. Attorney's fees, pursuant to law;

13. Recoverable costs, and

14. Legal interest, pursuant to law.

I, MARCUS T. KIMBROUGH, declare under penalty of perjury that the foregoing is true and correct, to the best of my information and belief.

June 4, 2017
Date

Marcus T. Kimbrough
Marcus T. Kimbrough, Plaintiff

Respectfully submitted:

Clayton Law Firm, LLC

/s/ **Ben E. Clayton**

By: Ben E. Clayton, LSBA No. 17512
Attorney for the plaintiff, Paul V. Schnyder
411 Sabine Street
Bogalusa, Louisiana 70427
(985) 863-3065 voice
(985) 863-7707 facsimile
E-mail: benclayt@bellsouth.net

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Marcus T. Kimbrough
5607 Martin Luther King Drive
Moss Point, MS 39563

From: New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Room 809
New Orleans, LA 70130

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 461-2017-00219 | Ligita D. Landry, Supervisory Investigator | (504) 595-2876 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_signature_
Keith T. Hill,
Director

MAR 3 0 2017
(Date Mailed)

Enclosures(s)

cc:
Melisse Ader-duncan
TEXTRON SYSTEMS
124 Industry Lane
Mail Stop 300/9050
Hunt Valley, MD 21030

Ben E. Clayton
CLAYTON LAW FIRM, L.L.C.
P.O. Box 189
Bogalusa, LA 70429

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>461-2017-00219 |
|---|---|---|

**Louisiana Commission On Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Mr. Marcus T. Kimbrough | Home Phone (Incl. Area Code) | Date of Birth<br>07-07-1979 |
|---|---|---|

Street Address: 5607 Martin Luther King Drive, Moss Point, MS 39563

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>TEXTRON | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(985) 661-3600 |
|---|---|---|

Street Address: 1010 Gause Blvd, Slidell, LA 70458

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address:

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-28-2016   Latest: 10-31-2016
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Textron on October 17, 2016, as a Senior Welder. On October 28, 2016, I overheard Mr. Jimmy, Supervisor, making some racial comments. I reported these comments to Sam Galloway and Mike Percle, and then filed a complaint with security as per their instructions. Since reporting the comments, I have been subjected to retaliation including but not limited to, being struck with a crowbar, having white employees make threats towards me and other African American employees, being followed into the bathroom, and being assigned tasks outside my job duties. I am not the only African American employee suffering the retaliatory acts by white employees. I have reported the acts to Mr. Galloway, but nothing has changed.

No reason has been given for the actions taken against me.

I believe I have been discriminated against because of my race, black, and am being retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.<br><br>I declare under penalty of perjury that the above is true and correct. | NOTARY – When necessary for State and Local Agency Requirements<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
|---|---|
| Nov 01, 2016          *Marcus Kimbrough*<br>Date           Charging Party Signature | |



CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so **within 15 days** of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.